| Index to Appendix B | | |
|---|---|---|
| Exhibit No. | Page(s) | Description |
| 1 | 0002-0010 | Motion for Leave to Treat the Request for Consistent Settlement on Behalf of Don Zinman as a Timely Request for Consistent Settlement under I.R.C. §6224(c)(2) Filed March 6, 2000 in *Canyon Desert Vineyards v. C.I.R.* before the Tax Court at Docket No15054-91 |
| 2 | 0012-0012e | Notice of Consistent Settlement Filed April 23, 1999 in *Vista Ag Realty Partners v. C.I.R.* before the Tax Court at Docket No. 12539-90 |
| 3 | 0014-0016 | Docket Entries for Other Rule 248(c) Notices Filed in *Canyon Desert Vineyards v. C.I.R.* before the Tax Court at Docket No15054-91 |
| 4 | 0018-0026 | Docket Sheet for in *Canyon Desert Vineyards*, Docket No15054-91 |
| 5 | 0028-0034 | Docket Entries for Other Rule 248(c) Notices Filed in *Vista Ag Realty Partners v. C.I.R.*, Docket No. 12539-90 |
| 6 | 0036-0042 | Docket Sheet for *Vista Ag Realty Partners v. C.I.R.*, Docket No. 12539-90 |
| 7 | 0044-0049 | IRS Form CG-4549A for James D. Crocker Dated May 8, 2002 with Transmittal Letter and Attachments |
| 8 | 0051-0058 | IRS Form CG-4549A for John Harper dated July 10, 2002 with Transmittal Letters and Attachments |
| 9 | 0060-0062 | IRS Memorandum dated January 6, 2000 |
| | 0063-0065 | Rule 56(f) Declaration of Teresa J. Womack |

# Plaintiffs' Exhibit 1

**UNITED STATES TAX COURT**

| | | |
|---|---|---|
| CANYON DESERT VINEYARDS,<br>FREDERICK H. BEHRENS,<br>TAX MATTERS PARTNER,<br><br>Petitioner,<br>v.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Docket No. 15054-91<br>Judge Halpern |

# MOTION FOR LEAVE TO TREAT THE REQUEST FOR CONSISTENT SETTLEMENT ON BEHALF OF DON ZINMAN AS A TIMELY REQUEST FOR CONSISTENT SETTLEMENT UNDER I.R.C. §6224(C)(2)

THE RESPONDENT MOVES, pursuant to Rules 25(c) and 50 of the Tax Court's Rules of Practice and Procedure, for leave to accept the request for consistent settlement that was submitted on behalf of Don Zinman, as timely under the Court's Order of November 24, 1998.

IN SUPPORT THEREOF, the respondent respectfully shows unto the Court the following:

1. On June 26, 1997, respondent entered into a settlement agreement with Robert and Carolyn S. Thoburn, with respect to the partnership items of Canyon Desert Vineyards partnership that are in dispute in this proceeding.

2. Under I.R.C. §6224(c) (2). and the regulations promulgated thereunder, the other partners in Canyon Desert Vineyards may, within a limited period of time, request a consistent settlement agreement on the same terms.

3. On July 31, 1998, the respondent advised the Court that the notice requirements of T.C. Rule 248(c) had not been fully satisfied in that the notices of settlement sent to the tax matters partner did

not provide all the information required under the Court's Rule and respondent moved for entry of an order releasing respondent *nunc pro tunc*, from complying with the obligation to give proper notice of prior settlement agreements.

4. By Order dated November 24, 1998, respondent was directed to give proper notice of the settlement to the tax matters partner by November 30, 1998, setting forth all of the information required by Tax Court Rule 248(c)(2) as to settlements entered into prior to the date of the order; the tax matters partner was directed to send the notice to all remaining partners within ten days; and any agreement entered into as a result of a request for consistent settlement terms mailed to respondent on or before February 11, 1999, shall constitute a "consistent settlement" as that term is used in and for purposes of T.C. Rule 248(c) and I.R.C. §6224(c).

5. On November 30, 1998, respondent provided the tax matters partner of the Canyon Desert Vineyards partnership with proper notice of the settlement setting forth all of the information required by Tax Court Rule 248(c) (2). **A copy of the notice, with enclosures. is attached as Exhibit l-R.**

6. In January 1999, respondent, of his own initiative, mailed a letter to all of the individual partners in the Canyon Desert Vineyards partnership to advise them that all requests for consistent settlement must be submitted to respondent in writing by February 11, 1999. **A copy of the letter sent to the partners is attached as Exhibit 2-R.**

7. Thomas E. Redding, counsel for Don Zinman, has subsequently spoken with respondent's counsel and requested consistent settlement treatment for Don Zinman with respect to this matter.

8. By written explanation dated January 20, 2000, Mr. Redding explained the circumstances which caused Don Zinman to miss the request for consistent settlement deadline of February 11, 1999. A copy of Mr. Redding's statement is attached hereto and marked as Exhibit 3-R.

9. Mr. Redding has agreed settlement agreement Forms 870-P(AD) pertaining to the partnership items of Canyon Desert Vineyards, shall be promptly executed and returned to respondent upon disposition of this motion.

10. Under the terms of the Court's order, respondent is not required to honor an untimely request for consistent settlement.

11. Respondent is prepared to honor the request for consistent settlement on behalf of Don Zinman as a timely request and is prepared to counter sign the consistent settlement agreement based upon the representations set forth in Mr. Redding's statement of January 20, 2000, letter, as to why they did not meet the time period prescribed by the Court's order so as to permit them to make a written request for consistent settlement on or before February 11, 1999.

12. Respondent seeks leave of the Court to honor the request for consistent settlement submitted on behalf of Don Zinman, as a timely request for consistent settlement under the terms of the Court's order, in order to avoid any characterization of this consistent settlement agreement as a new or independent settlement agreement under the provisions of I.R.C. § 6224(c)(1).

13. Leave of the Court to honor this request as a timely request for consistent settlement under T.C. Rule 248(c) and I.R.C. §6224(c) is sought in order to preserve the finality of the consistent settlement period, as prescribed by the Court's Order of November 24, 1999.

14. In this case the period in which partners may request consistent settlement agreements pursuant to I.R.C. §6224(c)(2)is not fixed by statute, and was prescribed solely by the Court's Order of November 24, 1998.

15. It is within the Court's discretion to grant leave to respondent to treat the request for consistent settlement on behalf Don Zinman as timely.

WHEREFORE it is prayed that this motion be granted.

Respectfully submitted,

/s/

Alice M. Harbutte, Special Trial Attorney
Tax Court No. HA0363
Office of the District Counsel
Internal Revenue Service
1244 Speer Boulevard, Ste 500
Denver, CO 80204

Date: 2/28/2000

MLF

OFFICE OF CHIEF COUNSEL
INTERNAL REVENUE SERVICE
DISTRICT COUNSEL
Southern California District
24000 Avila Road, Suite 4404, P.O. Box 30215
Laguna Niguel, CA 92607-0215
Tel. No. (949) 425-4911
FAX No. (949) 360-2675

NOV 30 1998

Frederick H. Behrens
Tax Matters Partner
52300 Enterprise Way
Coachella, CA 92236

In re: Canyon Desert Vineyards
Docket No.15054-91
Partnership Tax year 1985

Dear Mr. Behrens:

Pursuant to the Tax Court's Order dated November 24, 1998, you are hereby served with notice of settlement and with notice of the parties right to request consistent settlement. Enclosed is the form which the partners must use to request a consistent settlement. The enclosed Notice contains all information that is required to be provided to you as the tax matters partner under Rule 248(c) of the Tax Court's Rules of Practice and Procedure. We have also provided a worksheet that may assist you and the other partners in estimating their respective income tax liabilities under the terms of the settlement.

Pursuant to the Court's order, you are required to serve a copy of these papers upon all remaining parties to the partnership proceedings within ten days of the receipt of this letter.

Please confirm in writing upon completion of service of the Rule 248(c) notification required by the Court's Order.

Sincerely,

ERIN M. COLLINS
Special Trial Attorney

Enclosures:
- Statement of Settlement Agreements
- Summary of AMCOR Settlement Offer (w/adjustments to partnership items)
- Partnership Allocation
- Request for Consistent Agreement Form
- Liability Worksheet

DOCKET NO. 15054-91



EXH. 1-R

OFFICE OF CHIEF COUNSEL
INTERNAL REVENUE SERVICE
DISTRICT COUNSEL
Southern California District
24000 Avila Road, Suite 4404
Laguna Niguel, California 92607-0215
(949) 425-4911

JAN 15 1999

In re: Canyon Desert Vineyards v. Commissioner
Docket No. 15054-91
Taxable Year 1985

Dear Investor:

Because you were a partner in Canyon Desert Vineyards Partnership during tax year1985 the resolution of the above-referenced Tax Court case will affect your income tax liabilities for that year in several ways. I have been assigned to act as the lead counsel for the Commissioner of Internal Revenue in this case. This letter will explain the status of the following matters:

- the current status of the docketed partnership case;
- the issues before the Court in the above-referenced proceeding;
- the potential impact of this case on your tax liabilities; and
- the intent of the Internal Revenue Service to seek additional penalties following should the determination of the Commissioner be affirmed by the Tax Court with respect to the partnership level adjustments.

As of December 10, 1998, there is no counsel for the partnerships or party who appears prepared or willing to see this project through trial. If you are a party and have recently obtained counsel in this matter, please forward this letter for their consideration and have them contact this office by mail.

CURRENT STATUS OF THE DOCKETED PARTNERSHIP CASE

On December 10, 1998, the attorneys from the firm of Arnold and Porter were granted their motion to withdraw from this case by the United States Tax Court, and that firm has withdrawn from the case. To our knowledge, there are currently no partners who are prepared or willing to prosecute this case. Accordingly, it is our present belief that you are still a party in this proceeding and either are not represented by counsel or are represented by counsel that is unprepared or unwilling to litigate this case.

This office intends to file a motion with the United States Tax Court requesting that this case be calendared for trial or other appropriate disposition as soon as possible. As you know, this case has been pending before the Tax Court for a number of years. It is our goal to conclude these proceedings during 1999.

In the interim, you have available to you until February 11, 1999, the right to request a consistent settlement. This opportunity to submit a written request for settlement was extended to February 11, 1999, by the Court's order of November 24, 1998, a copy of which you should have received in the mail. The extension does not involve a new settlement offer, rather, it merely lengthens the time period for requesting settlement consistent with one previously offered. By entering into a consistent agreement, you would avoid further litigation and penalties in regard to this tax year. The February deadline will not be extended.

ISSUES BEFORE THE COURT IN THE CURRENT PROCEEDING

If this case goes to trial, the trial before the Tax Court will result in a determination of only the "partnership items" that were reported on the U.S. Partnership Return, Form 1065, by the partnership for the years before the Court. The term "partnership item" is defined at section 6231(a)(3) of the Internal Revenue Code and at section 301.6231(a)(3)-1 of the Treasury Regulations. Specifically, the Tax Court will determine the deductibility of certain farming expenses that were reported by the partnership on its returns and will determine the resulting amount of partnership income or loss that was allocated to the individual partners such as yourself.



DOCKET NO. 15054-91



EXH. 2-R

POTENTIAL TAX LIABILITY

If the Tax Court upholds the Commissioner's determination that the partnership losses are not allowed, the partnership level determination will automatically flow through to the partners and the losses claimed by any non-settling partner with respect to this partnership will be disallowed in full. Consequently, the Commissioner will summarily assess any deficiency in income tax and interest due, including interest assessed on tax motivated transactions under section 6621 of the Internal Revenue Code from any non-settling partner.

IRS INTENT TO SEEK ADDITIONAL PENALTIES

If the Tax Court upholds the Commissioner's determination with respect to the partnership losses, the Commissioner will seek to assess any additions to tax that are due using the separate deficiency procedures of section 6212 of the Internal Revenue Code. Accordingly, at the conclusion of the partnership proceeding and following the automatic assessment of tax and interest, the Commissioner will issue a Notice of Deficiency to you and all other partners who have not previously settled their partnership tax liability, asserting additions to the partner level income tax. These additions to the tax are "penalties" that may be determined under sections 6653(a)(1) and 6653(a)(2) of the Internal Revenue Code and where appropriate, under section 6661. You will have the opportunity to individually contest your liability for these additions to the tax by filing a petition with the Tax Court within 90 days of the mailing of the Notice of Deficiency.

Your liability for additions to the tax may be as great or greater than the amount of the tax due. For example, if it is determined that you have understated your income tax for the year 1984 by the amount of $5,001, your liability for additions to tax under the Internal Revenue Code would be as follows:

1. Section 6653(a)(1): *Negligence or Intentional Disregard of Rules and Regulations Provision*
   Addition to tax: 5% of $5,001 or $250.

2. Section 6653(a)(2): *Negligence or Intentional Disregard of Rules and Regulations Provision*
   Addition to tax: 50% of the interest due on the $5,001 tax until the earlier of assessment or payment. Through December 31, 1998, the addition to tax owing under section 6653(a)(2) would be approximately $9,252.56. This figure is computed from the date the original return was due through December 31, 1998. This example assumes the amount of additional tax as determined by the partnership level proceeding is $5,001 and it was due on April 15, 1985, the due date of the return, and that no payment was made. Following this example, the amount of interest that has accrued through December 31, 1998, is approximately $18,505.12. This interest amount reflects the higher rate of interest directly assessed on tax motivated The figure would continue to grow until the tax is paid.

3. Section 6661: *Substantial Understatement of Liability Provision*
   Addition to tax: 25% of $5,001 or $1,250.

The foregoing only illustrates the relative magnitude of the additions to tax that may be owing based upon a $5,001 underpayment of tax. The actual liability is a function of the amount by which your income tax was understated. A request for consistent settlement terms received by February 11, 1999, may result in the concession of the above penalties by the Government (aside from the increased rate of interest under section 6621 of the Internal Revenue Code).

If you have any questions concerning this matter or the settlement, you may write to me at the address on this letterhead or call the AMCOR message center at (949) 425-4911 and leave a message. Responses to your inquiries will be provided as expeditiously as possible. Again, if you are represented by counsel in this matter, please forward this letter to their attention. To facilitate our prompt response to written inquiries made on your behalf, please direct your counsel to provide us with an executed copy of a power of attorney or a filed copy of an entry of appearance.

Sincerely,

William H. Quealy

WILLIAM H. QUEALY, Jr.
Special Trial Attorney

Badge No. 9-972362

# EXPLANATION OF TAXPAYER'S SPECIAL CIRCUMSTANCES

During the period from mid-November 1998 to mid-February 1999, Don Zinman, a partner in Canyon Desert Vineyards (EIN:33-0098216), was unable to request consistent settlement in this case for the following reason:

> Between October 1998 and March 1999, Mr. Zinman was suffering from severe abdominal attacks which was diagnosed as gallstones. Mr. Zinman eventually underwent surgery to remove his gallbladder and an extensive recovery period. In addition to the gallbladder condition and surgery in December 1998, Mr. Zinman experienced complications which left him bedridden until after the end of February 1999. As a direct consequence of these medical conditions, Mr. Zinman was unaware of, let alone able to evaluate or act on the consistent settlment option before February 11, 1999.

Respectfully submitted,

Date: 1/20/00

Thomas E. Redding
Attorney for Don Zinman

DOCKET NO. 15054-91

EXH. 3-R

EXHIBIT 3-R
0009

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion for Leave to Treat the Request for Consistent Settlement on behalf of Don Zinman as a Timely Request for Consistent Settlement Under I.R.C. §6224(c)(2) was served upon the following by mailing same on 03 MAR 2000, 2000, in a postage paid wrapper addressed to:

Tax Matters Partner: Mr. Frederick H. Behrens
c/o Mr. Steven R. Mather
Kajan, Mather & Barish
9777 Wilshire Boulevard, Ste 805
Beverly Hills, CA 90210

This is to further certify that the original of the foregoing Motion for Leave to Treat the Request for Consistent Settlement on behalf of Don Zinman as a Timely Request for Consistent Settlement Under I.R.C. §6224(c)(2) was mailed by certified mail, return receipt requested on 03 MAR 2000, 2000, to:

United States Tax Court
400 Second Street, N.W.
Washington, D.C. 20217

Date: 03 MAR 2000

[signature]
Alice M. Harbutte, Special Trial Attorney
Tax Court No. HA0363



A:\tlrm1209.am1.wpd