# Plaintiffs' Exhibit 9

Internal Revenue Service

# memorandum

CC:WR:RMC:DEN:TL-12532-90
AMHarbutte

date: January 6, 2000

to: Ogden Service Center, TEFRA Technical Unit
attn: Diana Anderson
Kansas City Service Center, Exam Support: TEFRA
attn: Jeanette Price

from: Regional Counsel, Western Region
Alice M. Harbutte, Special Trial Attorney, Denver

subject: Project Partnership: AMCOR
Subject: 6230(c) Claims for Refund
and 6404(e) abatement of interest

The purpose of this memorandum is to address some of the issues set forth in the refund claims that are currently being filed by the various Project partnership investors. We have been advised by the TEFRA Service Centers that approximately 2,000 such claims have been received to date. These claims encompass the following fours issues: 1) adjustments to basis of a partnership interest; . . . .

ISSUES

. . . .

2. Whether the Service should deny the Project investor's request for refund attributable to an adjustment in the basis of his partnership in interest. ["Basis" claim] . . . .

Each of the different types of claims are discussed separately below.

"Basis" claim: Issue 2

The "basis" claims fall within the exception provided for at I.R.C. § 6230(c)(1)(B). This section provides that a partner may file a claim for refund on the grounds that the Secretary failed to allow a credit or make a refund to the partner "attributable to" the application to the partner of a settlement.

Time for Filing "Basis" Claim:

Under the provisions of I.R.C. § 6230(2)(B) as it pertains to a "basis" claim, the statute provides that any claim under paragraph (1)(B) shall be filed within 2 years after the date the settlement was entered into. I.R.C. § 6230(c)(2)(B)(i). Therefore, any claim requesting a refund with respect to gain that was reported by a Project investor on a Form 1040, for the year this investor sold his Project partnership interest (or otherwise disposed of such interest) must be filed within 2 years from the date the Form 870-P(AD) was signed on behalf of the Commissioner.

Merits of "Basis" Claim:

After determining whether or not a claim involving a basis adjustment was timely filed, the merits of the claim may then be looked at.

Under the terms of the Appeals settlement, the settled partner was required to report additional taxable income. This income was a result of the disallowance of a portion of the original partnership loss claimed by each partner. Therefore, the "basis" claim is "attributable to" the settlement of the partnership items and is an allowable claim under I.R.C. § 6230(c)(1)(B). Thus, a refund is proper, to the extent the taxpayer can substantiate the change in their basis in the partnership.

Substantiation of "Basis" Claim:

The Project investor must have settled their partnership items and must have paid the additional amount of tax required

under the settlement. Proof that the investor entered into a settlement is the fully executed Form 870-P(AD). The Form 870-P(AD) will show the year for which the additional liability was agreed to. The individual investor's transcript of account for this taxable year should show an assessment of tax being made as a result of a computational adjustment relating to the Form 870-P(AD). The partner's basis will be increased, under the provisions of I.R.C. 705, by the amount his taxable income was increased as a result of the settlement. To determine this amount, the computational adjustment, supporting schedules and the final computation that was mailed to the investor by the Service Center should be obtained.

CONCLUSIONS

If the "basis" claim is the only refund claim relating to the Project partnership being made by the investor, then the claim should be allowed after substantiation is provided. However, if this investor has filed other claims for refund relating to the same partnership, then these other claims must first be resolved before processing any refund. The reason for this is that the other related claims may affect the calculation of the partner's basis.

**No. 04-1743 T**
**(Judge Susan G. Braden)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**WILLIAM H. SCHELL AND RUBY G. SCHELL,**

**Plaintiffs,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**

---

## Rule 56(f) Declaration of Teresa J. Womack

Pursuant to RCFC 56(f), I, Teresa J. Womack, do declare that the following statement is true and correct and made under penalty of perjury:

The documents in the Appendix B to the forgoing Plaintiffs' Response to United States' Motion to Dismiss the Complaint are true and correct copies from the Redding & Associates, P.C., AMCOR related litigation files that have been obtained from partners, the partnership, the United States Tax Court, and the government during the course of this litigation.

Evidence attached to the forgoing motion shows that the Internal Revenue Service ("IRS") represented to the partners that they were entitled to a basis adjustment loss with respect to their AMCOR partnership investments and the resulting settlements. The IRS invited the partners to file basis adjustment claims and routinely paid each timely presented claim that requested capital loss

treatment. The IRS's only objection to these claims over the years has been to timeliness, which is not an issue here, and ordinary loss treatment, which is the issue.

In this litigation the government has thrown up impediments to those claims that the IRS obviously did not believe existed based on the invitation to file claims at the time of the settlement and the January 6, 2000 instructions from Regional Counsel to allow these claims with an explanation of why. Not only are these documents prepared by the IRS and from IRS files, but I have presented copies of these documents to various Department of Justice counsel over the years as part of an ongoing explanation of the grounds for these termination basis adjustment claims. These documents should be a part of the Court of Federal Claims, Tax Division files for this AMCOR litigation. The government's motion to dismiss does not distinguish or explain why the IRS's previous determinations that a basis adjustment claim was appropriate for the AMCOR partners should be ignored.

Based on this long history of allowing these claims, with the exception to ordinary loss treatment which is not affected by any of the arguments in the government's motion to dismiss, the Schells believe that further discovery will lead to evidence proving the termination of their interest in the partnership and the amount of loss incurred. With proper discovery, the Schells will show that the deductions were only partially denied in 1985 and 1986 and that the subsequent years partnership returns were accepted as filed and reflected the never challenged income and deductions resulting from the partnership's activities other than those challenged by the government in 1985 and 1986.The evidence will show that the IRS made no adjustments to any of the partnership's returns from 1987 through 1995, when the partnerships filed their final returns. The evidence will show that the Schells' outside basis loss in 1993 and 1995 resulted from partnership income reported between 1986 and

1995. The Schells will show that this partnership carried on a long-term program to acquire and develop agricultural land separate and apart from the first year's contracted crop growing program that resulted in the first year challenge to deductions for crop expenses. On information and belief, the evidence will show that William H. Schell had a *bona fide* profit motive for investing in Canyon Desert Vineyards and Vista Ag Realty Partners.

By filing motions to dismiss that are in reality disguised motions for summary judgment, the government has deprived plaintiffs of an opportunity to conduct the discovery necessary to address the issues raised in these motions and to obtain evidence that is largely and uniquely within the government's knowledge and possession. Judgment is not appropriate at this time.

4/1/08
Date

Teresa J. Womack

Teresa J. Womack
Redding & Associates, P.C.
2419 W. T.C. Jester
Houston, Texas 77018
713-965-9244
713-621-5227 (Fax)
Counsel for Elwood J. LeBlanc, Jr.
and Janice L. LeBlanc

twwd4018.sc1.wpd